UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 08-CV-2177 |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| 2007 BMW 335i CONVERTIBLE, VIN: WBAWL73547PX47374, | : | MEMORANDUM & ORDER |
| Defendant. | : | |

Before the Court is the *Motion for Attorney Fees* filed by Claimants in Interest Charles Zuchowski and Jason Zuchowski ("Claimants").  (Doc. 20, Motion for Attorney Fees.)  By way of their motion, the Claimants request an order awarding attorney's fees in the amount of $9,920.00. (*Id.*, Ex. E.)  For the reasons articulated below, the Court **DENIES** the *Motion for Attorney Fees*.

I.    **BACKGROUND**

The Claimants' request for attorney's fees arises out of a civil forfeiture action in which the United States of America ("the Government") seized a vehicle, *i.e.*, a BMW 335i convertible, VIN: WBAWL73547PX47374 ("the vehicle"). (Doc. 1, Complaint.)  The Government seized the vehicle in connection with the arrest of Jeremy Zuchowski ("Jeremy") on March 25, 2008.  On that date, law enforcement officers observed Jeremy commit several traffic violations while driving the vehicle. There was an outstanding warrant out for Jeremy's arrest relating to an Cuyahoga County, Ohio, grand jury indictment charging him with four counts of drug trafficking, so the officers arrested him, did an inventory search of vehicle, and found marijuana and hash.  In addition, prior to his arrest, Jeremy had driven the vehicle to deliver a quantity of the illegal drug "ecstacy" to a confidential source.  The Government filed this civil forfeiture action on September 11, 2008, alleging forfeiture

pursuant to 21 U.S.C. § 881(a)(4).[1]  (Doc. 1.)

On September 29, 2008, the Claimants, Charles Zuchowski ("Charles"), Jeremy's father, and Jason Zuchowski ("Jason"), Jeremy's brother and Charles' son, filed Answers admitting that, on the date of Jeremy's arrest, Jeremy was the driver and sole occupant of the vehicle and denying any knowledge of the conduct that led to the seizure of the vehicle.  (Docs. 8, 9.)  They further asserted that Jason is the title owner of the vehicle while Charles traded-in his GS 300 Lexus in exchange for the vehicle, made the $10,000.00 down payment for the purchase of the vehicle, and made the monthly payments on the $22,188.23 amount financed.  Charles and Jason raised numerous affirmative defenses in their Answers, including the innocent owner defense.  (*Id.*)

On the same day, each of the Claimants filed a *Claim in Interest and Contest of Forfeiture* pursuant to Rule G(5)(a) of the Supplemental Rules of Maritime Claims and Arrest Forfeiture Actions ("Claim in Interest").  (Docs. 11, 12.)  Each Claimant's Claim in Interest contests the forfeiture action.

The Court held a Case Management Conference on January 13, 2009. (Doc. 16.) Two weeks later, the Government filed a *Motion to Dismiss* (Doc. 18) voluntarily requesting dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Prior to the filing of the Government's

---

[1]  Chapter 21, U.S.C. § 881(a)(4), in pertinent part, provides:

(a)       Subject property

The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(4)       All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9) [*i.e.*, generally, controlled substances].

motion for voluntary dismissal, the Court discussed with the parties whether the Claimants would oppose such a motion.  Counsel for the Claimants represented that he would <u>not</u> oppose the Government's motion to voluntarily dismiss the case without prejudice under Rule 41(a)(2), but only on the condition that dismissal would also be without prejudice to his right to seek an award of attorney's fees.  The Court and both parties agreed that Claimant's Counsel's concerns could be addressed by expressly noting in the dismissal order his entitlement to file an appropriate motion for attorney's fees.

The Court granted the Government's motion for voluntary dismissal on January 30, 2009, noting that the motion was unopposed, and dismissing the case <u>without</u> prejudice.  (Doc. 19.) Further, as it had previously discussed with the parties, the Court stated in a footnote that "[d]ismissal is without prejudice to any right to file a motion for attorneys' fees, if appropriate." (*Id*.)

On February 4, 2009, the Claimants filed their *Motion for Attorney Fees* seeking fees in the amount of $9,920.00 pursuant to 28 U.S.C. § 2465(b)(1) on the grounds that the Claimants "substantially prevailed" in the dismissed lawsuit.  (Doc. 20.)  The Government filed a response in opposition on February 10, 2009, arguing that the Claimants did not "substantially prevail" based on the fact that the underlying forfeiture action was voluntarily dismissed <u>without</u> prejudice. (Doc. 21.) On February 19, 2009, the Claimants filed their *Reply to Government's Brief in Opposition to Attorney Fees, and Additional Memorandum for the Award of Attorney Fees*.  (Doc. 22.)  In addition to containing their reply in support of the arguments raised in their *Motion for Attorney Fees* pursuant to 28 U.S.C. § 2465(b)(1), the Claimants' asserted an **<u>entirely new basis</u>** for recovery of attorney fees in their reply brief – specifically, the Court's discretionary authority to award fees in

-3-

connection with voluntary dismissal pursuant to Rule 41(a)(2).  (Doc. 22.)  The Government filed

a sur-reply (without leave) on February 20, 2009 re-asserting that the "only issue before this Court

is whether the Claimants have 'substantially prevailed' in this civil forfeiture action."  (Doc. 23 at

1.)  Finally, on June 30, 2009, the Government filed a supplement to its sur-reply, directing the Court

to a recently decided case it argues is supportive of its position.  (Doc. 24.)  Consequently, the

Claimants' *Motion for Attorney Fees* (Doc. 20) is now ripe for adjudication.

## II.   LAW & ANALYSIS[2]

There are two primary issues to resolve: (1) whether the Claimants have "substantially

prevailed" and are thus entitled to attorney's fees pursuant to 28 U.S.C. § 2465(b)(1)(A) and (2)

whether the Claimants have asserted a claim for attorney's fees pursuant to the Court's discretionary

authority under Rule 41(a)(2) of the Federal Rules of Civil procedure, and, if so, whether, in the

exercise of that discretion, the Court finds that such an award is appropriate under the circumstances

of this case.  For the reasons articulated below, the Court finds for the Government with respect to

both questions and, accordingly, **DENIES** the Claimants' *Motion for Attorney Fees* (Doc. 20).

### A.    THE CLAIMANTS HAVE NOT "SUBSTANTIALLY PREVAILED" UNDER § 2465(b)(1)(A)

Initially, the **only** basis[3] for the Claimants' Motion for Attorney Fees was that 28 U.S.C. §

2465(b)(1)(A) provides for such fees under the circumstances of this case.  Section 2465(b)(1)(A)

is a provision of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").  Congress enacted

---

[2] For a general description of the procedure governing a civil forfeiture action, see *United States v. One DLO Model A/C, 30.06 Machine Gun, Serial No. 86-70056*, 904 F. Supp. 622, 633-34 (N.D. Ohio 1995) (Dowd, J.).

[3] In their Reply, the Claimants asserted a second basis for recovery of attorneys fees, Rule 41(a)(2).  (Doc. 22.)  This alternative basis is discussed below.

-4-

CAFRA in response to the public perception that the Government was over-reaching in civil and criminal forfeiture proceedings.  *See United States v. Khan*, 497 F.3d 204, 208 (2d Cir. 2007); *United States v. One Lincoln Navigator*, 328 F.3d 1011, 1012 (8th Cir. 2003) (stating that CAFRA was enacted "to make federal civil forfeiture procedures fair to property owners and to give owners innocent of any wrongdoing the means to recover their property and make themselves whole after wrongful government seizures").  As part of the effort to reign-in potentially overzealous Government conduct, CAFRA provides for the recovery of attorney's fees as follows:

> (b)(1)  Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for –
>
> > (A)  reasonable attorney fees and other litigation costs reasonably incurred by the claimant;

28 U.S.C. § 2465(b)(1)(A).  In sum, CAFRA requires the Government to pay the attorney's fees of any claimant who "substantially prevails" in a forfeiture proceeding.

The Claimants argue that, because the Government voluntarily dismissed its civil forfeiture action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, they have "substantially prevailed" and are entitled to recover attorney fees pursuant to § 2465(b)(1)(A).

The Government does not contest that this is the type of case to which § 2465(b)(1) might apply.[4]  The Government, instead, argues that the Claimants have not "substantially prevailed" as that phrase is defined by applicable authority interpreting § 2465(b)(1).

---

[4]  More accurately, the Government does not dispute this fact for purposes of this motion for fees because it believes fees are inappropriate under § 2465 even if applicable. Indeed, throughout this case, the Government has  taken the position that the "innocent owners defense" would not apply, and asserted that, had it chosen to pursue its forfeiture claims, it would have prevailed despite the claimants' assertions regarding their ownership interests.

1.      **Discussion of Relevant Case Law**

In *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001), the Supreme Court analyzed the definition of "prevailing party" pursuant to statutes conditioning such recovery on "prevailing party" status.  The Court held that "[o]ur precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties. *Id*.  In so holding, the Court expressly rejected the "catalyst theory" of recovery, "which posits that a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id*. at 601.

Several lower courts have cited *Buckhannon* for the operative definition of "substantially prevails" as it is used in CAFRA. *See, e.g.*, *United States v. Minh Huynh*, Case No. 08-20541, 2009 WL 1685139, at *2 (5th Cir. Jun. 16, 2009) (quoting *Buckhannon* for the applicable definition of 28 U.S.C. § 2465(b)(1) in finding that "the Government's dismissal without prejudice [does not] bestow prevailing party status on Plaintiffs because it effected no 'change in the legal relationship of the parties'"); *United States v. Khan*, 497 F.3d 204, 208 (2d Cir. 2007) (noting in dicta that *Buckhannon* is the relevant point of departure for the definition of "substantially prevails" under CAFRA and stating that "Congress meant the fee-shifting provision to apply only in the event a claimant won *in court*" (emphasis in original)); *Synagogue v. United States*, 482 F.3d 1058, 1062-63 (9th Cir. 2007) (quoting *Buckhannon*, 532 U.S. at 605, for the proposition that, to "substantially prevail," a claimant must achieve an "alteration of the legal relationship of the parties" marked by "judicial *imprimatur* on the change"); *United States v. $13,275.21, More or Less, in United States Currency*, Case No. SA-06-CA-171-XR, 2007 WL 316455 (W.D. Tex. Jan. 31, 2007).

-6-

For example, the Fifth Circuit recently addressed a situation factually analogous to the one at bar in *Minh Huynh*, 2009 WL 1685139, at *2. In *Minh Huynh*, the Government filed a civil forfeiture action against a BMW vehicle owned by the claimants. The Government subsequently dismissed the case without prejudice and returned the vehicle to the claimants. In affirming a magistrate judge's denial of attorney's fees pursuant to § 2465(b)(1), the Fifth Circuit reasoned as follows:

> [T]he Government's dismissal without prejudice [does not] bestow prevailing party status on Plaintiffs because it effected no "change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 . . . (2001); *see also, e.g.*, *RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir.2007) (reasoning that voluntary dismissal that leaves the plaintiff free to refile his claim effects no change in the parties' legal relationship). The return of Plaintiffs' car did nothing to prevent the Government from seizing it again. Additionally, the court entered no order with respect to the car addressing the merits of the forfeiture claim prior to its voluntary dismissal. Without the "necessary judicial *imprimatur*," Plaintiffs cannot establish prevailing party status as to this action. *Buckhannon*, 532 U.S. at 605 . . . (emphasis removed).

*Id*.

In *$13,275.21*, 2007 WL 316455, another factually similar case, the Western District of Texas applied *Buckhannon* and engaged in a more thorough discussion of § 2465(b)(1)(A). In *$13,275.21*, the Government seized funds in the Prison Inmate Trust Fund Account of an inmate suspected of depositing proceeds from illegal drug trafficking into that account. *Id*. at *1. The inmate submitted a claim for the funds; the Government filed a verified complaint of forfeiture; and, on December 15, 2006, the Government filed a motion to dismiss the complaint under Rule 41(a)(2). Three days later, the Western District of Texas granted the motion to dismiss, ordered the Government to return the seized funds, and dismissed the case without prejudice. *Id*. The next day, the inmate filed a response to the Government's motion to dismiss stating that he did not oppose the

motion but would pursue a claim for attorneys fees and costs. *Id*.

In his subsequent motion for attorney's fees, the inmate in *$13,275.21* argued for fees under § 2465(b)(1)(A) because he "substantially prevailed" as a result of the Government's Rule 41(a)(2) dismissal. *Id*. The Court denied the inmate's motion for attorney's fees, finding that he had not "substantially prevailed" because the dismissal was voluntary and without prejudice to re-filing the same case. *Id*. at *2. Furthermore, the Court elected not to award fees pursuant to its discretionary authority under Rule 41(a)(2). *Id*. at *1. First, the Court concluded that *Buckhannon*, 532 U.S. 598 provides the governing standard for § 2465(b)(1)(A) actions, rejecting the argument that the statutory language "substantially prevails" is broader than the phrase "prevailing party" that the Supreme Court analyzed in *Buckhannon*. *Id*. at *8-*4. Second, applying *Buckhannon*, the Court noted that "[t]he Court's Rule 41(a)(2) dismissal Order was not a judgment on the merits or a settlement agreement enforced through a consent decree that created a material alteration of the legal relationship of the parties." *Id*. at *4. The Court noted that its dismissal Order requiring the Government to return the funds merely restored the *status quo ante* between the parties; it "did not materially alter their legal relationship." *Id*. "A dismissal without prejudice, by its very nature, does not materially alter the legal relationship between the parties." *Id*. The Court held that "[f]or purposes of a civil forfeiture action, the Court concludes that a claimant in a civil forfeiture action 'substantially prevails' when he obtains a dismissal with prejudice, summary judgment, or judgment on the merits after trial." *Id*. Third, the Court analyzed and rejected the inmate's argument that allowing the Government to dismiss without prejudice after saddling him with responsibility for substantial fees and costs was unfair. The Court reasoned that its discretionary authority under Rule 41(a)(2) to award fees, dismiss with prejudice, or deny the Government's motion to dismiss provided

-8-

the Court with sufficient authority to prevent Government abuse.  As stated by the Court:

> Simply put, Claimant cannot obtain a mandatory award of attorney's fees and costs pursuant to section 2465(b)(1)(A) because he did not substantially prevail; however, he might be able to obtain a discretionary award of attorney's fees and costs pursuant to Rule 41(a)(2), which gives the Court the authority to condition a plaintiff's voluntary dismissal "upon such terms and conditions as the court deems proper."

*Id*. at *5.

In *United States v. Certain Real Property*, 543 F. Supp. 2d 1291 (N.D. Ala. 2008), the Northern District of Alabama took a slightly different approach to the question of attorney's fees in a civil forfeiture case, but nonetheless applied *Buckhannon* as the governing standard.  After the Government filed a motion to dismiss without prejudice pursuant to Rule 41(a)(2), the claimants filed a response indicating that they did not oppose dismissal but requesting that the action be dismissed <u>with</u> prejudice.  *Id*. at 1292.  The claimants argued that dismissal with prejudice would entitle them to attorney's fees under CAFRA, § 2465(b)(1).  *Id*.  After noting its discretionary authority to determine whether a Rule 41(a)(2) dismissal should be with or without prejudice, the Court dismissed the case <u>with</u> prejudice.  *Id*.  The Court reasoned that (1) the claimant's acquittal in the underlying criminal case eliminated any possibility that the government would pursue renew its civil forfeiture action; (2) the Government had admitted as much in its filings; and, (3) the Government had initially requested that the forfeiture case be dismissed with prejudice, only reversing course when it realized that the claimants might be entitled to attorney's fees if the case was dismissed with prejudice.  *Id*.  Having dismissed the case with prejudice, the Court turned to the issue of whether the claimants had "substantially prevailed" such that they were entitled to an award of attorney's fees pursuant to § 2465(b)(1)(A).  *Id*. at 1293.[5]  Citing *Buckhannon* as the governing

---

[5]  The Court introduced its analysis by noting the scarcity of authority addressing whether the defendant "substantially prevails" when the case is dismissed with prejudice:

standard, the Court held that, because dismissal with prejudice is a "judicially qualified change in the legal relationship of the parties" (*i.e.*, post-dismissal, the Government is barred by *res judicata* from filing the same civil forfeiture action in the future), the claimants had "substantially prevailed" for CAFRA purposes. *Id*. at 1294. In so holding, the Court expressly noted that "there is some disagreement over whether the "prevailing party" standard [analyzed in *Buckhannon*] and the "substantially prevailing" standard are the functional equivalent or two different standards." *Id*. The Court concluded based on prior cases from the Eleventh and D.C. Circuit, however, "that the differences between the two standards are inconsequential." *Id*. (citing *Loggerhead Turtle v. County Council of Volusia County, Fla.*, 307 F.3d 1318, 1323 n.4 (11th Cir. 2002); *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Dep't of Energy*, 288 F.3d 452, 455-56 (D.C. Cir. 2002)

---

There are no cases that are directly on point with this case; *i.e.*, addressing whether the defendant/claimant substantially prevails in instances where the case is dismissed with prejudice. However, the Supreme Court has considered several fee-shifting statutes that award attorneys' fees under the "prevailing party" standard and has consistently held that such statutes prohibit an award of fees to the plaintiff unless the court awards relief on the merits, either through a judgment on the merits or through a settlement agreement enforced through a consent decree. *See Buckhannon* . . ., 532 U.S. 598 . . . (addressing a request for attorneys' fees under the Fair Housing Amendments Act and the Americans with Disabilities Act); *see also Kentucky v. Graham*, 473 U.S. 159 . . . (1985) (addressing a request for attorneys' fees under the Civil Rights Attorney's Fees Awards Act of 1976).

*Certain Real Property*, 543 F. Supp. 2d at 1293.  The district court in *United States v. Real Property in Section 9, Town 29 North, Range 1 West, Township of Charlton, Otsego County, Michigan*, Case No. 87-10338-BC, 2007 WL 734961, at *16-*17 (E.D. Mich. Mar. 8, 2007) noted the same paucity of authority but observed that the Central District of California in *United States v. $60,201.00 in United States Currency*, 291 F. Supp. 2d 1126, 1130 (C.D. Cal. 2003), concluded that CAFRA authorizes attorney's fees in a broader range of circumstances than the Equal Access to Justice Act ("EAJA").  Read in context, however, it is clear that *$60,201.00* merely stands for the proposition that the EAJA fee caps do not apply to attorney's fee awards under CAFRA.  *See $60,201.00*, 291 F. Supp. 2d at 1130. The *Real Property in Section 9* Court, moreover, held that the claimants were not entitled to attorney's fees under CAFRA because, *inter alia*, no judgment was ever entered on the claimant's behalf.  *Real Property in Section 9*, 2007 WL 734961, at *18.

-10-

(superceded by statute permitting recovery based on catalyst theory in Freedom of Information Act cases)).

### 2.    Application of Relevant Authority

As demonstrated by the above summary of applicable case law, *Buckhannon* is considered the governing authority for the definition of "substantially prevails" in § 2465(b)(1).  Under *Buckhannon*, a claimant "substantially prevails" when there is a "judicially sanctioned change in the legal relationship of the parties."  532 U.S. at 605.  The above cases applying this standard to Rule 41(a)(2) dismissals of civil forfeiture actions, moreover, have consistently concluded that dismissal without prejudice is <u>not</u> such a change in the legal relationship of the parties.

The Court agrees with these conclusions.  First, although *Buckhannon* analyzed statutes awarding attorney's fees to the "prevailing party" as opposed to a party who "substantially prevails" (*i.e.*, the CAFRA language), the Court finds that the terms are either synonymous or "substantially prevails" defines a narrower category of litigants based on the logic articulated by the D.C. Circuit in comparing the same terms:

> It is true . . . that *Buckhannon* treated "prevailing party" as a "legal term of art."  532 U.S. at 603 . . . .  Yet all must agree that a "prevailing party" and a "party who prevails" are synonymous.  FOIA's addition of the modifier "substantially" might possibly be taken as limiting the category of "prevailing parties," but it cannot be taken as expanding the universe of parties eligible for a fee award.

*Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO*, 288 F.3d at 455 (superceded by statute).[6]

Second, applying *Buckhannon* to the facts of this case, the Court's order dismissing the

---

[6]  Congress has since expressly adopted the catalyst theory of recovery in FOIA actions in the OPEN Government Act of 2007.  *See Summers v. Dep't of Justice*, — F.3d — , 2009 WL 1812760 (D.C. Cir. Jun. 26, 2009) (citing 5 U.S.C. 552(a)(4)(E)(ii)).  Congress has <u>not</u> similarly amended CAFRA to incorporate the catalyst theory, and, therefore, *Buckhannon* is still controlling.

Government's civil forfeiture action <u>without</u> prejudice does not constitute a judicially sanctioned change in the parties relationship.  Once again, the Court finds the courts' analysis in the cases discussed above persuasive.  *See*, *e.g.*, *Minh Huynh*, 2009 WL 1685139, at *2; *$13,275.21*, 2007 WL 316455 at *2.  Nothing in the Court's dismissal order or the procedural history of the case precludes the Government from filing the same complaint at some point in the future.  Accordingly, the Claimants are not entitled to attorney's fees pursuant to CAFRA, 28 U.S.C. § 2465(b)(1)(A).

### B.  DISCRETIONARY AWARD OF ATTORNEY'S FEES PURSUANT TO RULE 41(a)(2)

Although they cannot recover attorney's fees pursuant to CAFRA, the Claimants belatedly recognized another potential basis for recovery of attorney's fees.  In their reply brief, the Claimants requested attorney's fees pursuant to the Court's discretionary authority to award fees and costs in connection with a Rule 41(a)(2) dismissal.  (Doc. 22 at 4 ("Based on its discretionary authority under Civil Rule 41(a)(2), this Court may award attorney fees to Charles and Jason Zuchowski, independent of whether the Claimants are deemed to have "substantially prevailed" under CAFRA.").)  Consequently, the Court must determine whether the Claimants waived their right to request fees pursuant to Rule 41(a)(2) by not asserting the request until their reply brief, and, if not, whether the Court finds a discretionary award appropriate under the circumstances.

#### 1.  Waiver

It is undisputed that the Claimants did not assert their Rule 41(a)(2) argument until their reply brief.  Although it is tempting to bypass the waiver issue by simply excusing the Claimants' procedural failings and analyzing their request on the merits, the Government's insistence that the only issue properly before the Court is whether the Claimants are entitled to attorney's fees under CAFRA precludes the Court from adopting this approach.

-12-

It is a well-established procedural rule in the Sixth Circuit that failure to raise an argument in a motion acts as a waiver of that argument. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552-53 (6th Cir. 2008); *Inland Water Pollution Controls, Inc. v. Marra/Majestic Joint Venture*, Case No. 1:06-CV-2697, at *4-*5 (N.D. Ohio Mar. 13, 2009); *Sims v. Piper*, Case No. 07-14380, 2008 WL 3318746, at *5 (E.D. Mich. Aug. 8, 2008); *Irwin Seating Co. v. Int'l Bus. Machs. Corp.*, Case No. 04-CV-568, 2007 WL 518866, at *2 n.2 (W.D. Mich. Feb. 15, 2007) ("[T]he Sixth Circuit repeatedly has recognized that arguments raised for the first time in a party's reply brief are waived."); *see generally* 16AA Wright & Miller, Federal Prac. & Proc. 4 ed. § 3974.3.  Accordingly, the Court clearly would be justified in refusing to address the Claimants' untimely Rule 41(a)(2) arguments.

Courts within this Circuit also recognize, however, that one of the primary purposes of the reply-waiver rule is to allow the non-moving party a fair opportunity to respond to all arguments. *See Scottsdale Ins. Co.*, 513 F.3d at 553; *Int'l Matex Tank Terminals-Illinois v. Chemical Bank*, Case No. 08-CV-1200, 2009 WL 1651291, at *2 (W.D. Mich. Jun. 11, 2009).  As such, a district court may exercise its discretion to allow the non-moving party to file a sur-reply addressing the argument newly asserted in the reply brief. *See*, *e.g.*, *Int'l Matex Tank Terminals-Illinois*, 2009 WL 1651291, at *2.  In this case, the Government did not request the opportunity to file a sur-reply; instead, it filed one without leave.  (Doc. 23.)  Although the Government chose not to address the Claimants' Rule 41(a)(2) arguments in its sur-reply, it could have easily done so by attaching the sur-reply as an exhibit to a motion for leave to file it.  In addition, the Government filed a supplement to its sur-reply directing the Court to the *Huynh* case discussed above.  (Doc. 24.)  Consequently, the Government could not plausibly argue that it did not have an opportunity to respond to the Claimants' Rule 41(a)(2) arguments, and it would be somewhat disingenuous for it to make that argument given its

-13-

own disregard of the procedural rule requiring leave to file a sur-reply.  Furthermore, because recovery pursuant to Rule 41(a)(2) is a discretionary decision conferred to the Court, and because the facts and arguments relevant to that decision substantially overlap with the facts and arguments advanced in connection with the CAFRA issue, no meaningful prejudice will result from considering the Claimants' Rule 41(a)(2) arguments.

There is one more reason not to find waiver under the circumstances of this case.  In the Court's discussion with the parties regarding the Government's motion for voluntary dismissal, Claimants' counsel unequivocally expressed his desire to file a motion for attorney's fees, and the Court and the parties agreed to include the footnote in the dismissal order stating that dismissal would be "without prejudice to any right to file a motion for attorneys' fees, if appropriate."  (Doc. 19, n.1.)  Although the Claimants' counsel may not have had a complete understanding of the nuances of CAFRA (see above) and/or the implications of dismissal with or without prejudice for purposes of recovering attorney's fees under Rule 41(a)(2) (see below) when he approved this approach, dismissal was clearly conditioned upon the right to file a motion for attorney's fees. Therefore, since the Court essentially promised to allow the Claimants to seek attorney's fees and, again, the Government had a fair opportunity to respond to the Claimants' Rule 41(a)(2) arguments, no prejudice will result from finding that the Claimants have not waived these arguments.

Accordingly, the Court will consider the Government's sur-replies and address the Claimants' Rule 41(a)(2) arguments on the merits.

**2.      The Court Will Not Award Fees Under Rule 41(a)(2)**

In pertinent part, Rule 41(a)(2) provides:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court deems proper. . . . Unless the

-14-

order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) is, thus, "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting Rule 41(a)(2)).  In the Sixth Circuit, "courts commonly award costs and attorney fees to defendants where plaintiffs dismiss their cases <u>without</u> prejudice." *Dorsey v. Commonwealth Land Title*, Case No. 1:08-CV-1103, 2008 WL 5071894, at *2 (N.D. Ohio Nov. 24, 2008) (Gwin, J.) (citing *Spar Gas, Inc. v. AP Propane, Inc.*, 1992 WL 172129, at *3 (6th Cir. Jul. 22, 1992); *see also Lum v. Mercedes Benz, USA, LLC*, 246 F.R.D. 544, 546 (N.D. Ohio 2007) (Carr, J.)).)  According to the Sixth Circuit:

> The reasoning behind the rule where the action is dismissed without prejudice is to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum. *See* 5 Moore's §§ 41.05, 06. A dismissal with prejudice, however, finally terminates the cause and the defendant cannot be made to defend again.

*Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *see also Warner v. DSM Pharma Chem. N. Am., Inc.*, Case Nos. 1:07-CV-302, 1:07-CV-312, 2009 WL 1347162, at *3 (W.D. Mich. May 13, 2009) (citing *Smoot v. Fox*).  Such awards are discretionary, not mandatory, however.  *See DWG Corp. v. Granada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992) ("Although courts frequently impose defense costs on plaintiffs granted a voluntary dismissal, no circuit court has held that such costs are mandatory.").

Courts within the Sixth Circuit have considered a number of factors in determining whether to award attorney's fees pursuant to Rule 41(a)(2).  The Southern District of Ohio listed these factors as whether:

-15-

(1)     the plaintiff acted in good faith in filing and pursuing the litigation;

(2)     the defendant incurred substantial expenses defending the action to be
        voluntarily dismissed, especially considering the stage and nature of the
        litigation;

(3)     the plaintiff delayed in filing the motion for voluntary dismissal; and

(4)     the legal work for which the defendant requests compensation can be used in
        a subsequently filed case.

*Dowling v. Select Portfolio Servicing, Inc.*, Case No. 05-CV-49, 2007 WL 2815567, at *4 (S.D. Ohio

Sept. 25, 2007) (omitting citations);[7] *see also Bell-Coker v. City of Lansing*, Case No. 1:07-CV-812,

2009 WL 80291, at *3-4 (W.D. Mich. Jan. 9, 2009); *Yetman v. CSX Transp., Inc.*, Case No. 1:08-

CV-1130, 2009 WL 35351, at *3 (W.D. Mich. Jan. 6, 2009).  In *$13,275.21*, 2007 WL 316455, at

*6, moreover, the Western District of Texas considered similar factors in declining to exercise its

discretionary authority to award attorney's fees pursuant to Rule 41(a)(2) when the Government

moved for voluntary dismissal of the civil forfeiture action without prejudice.  The *$13,275.21* Court

reasoned that it had dismissed the case without prejudice on the condition that the Government

return the funds, and that the Government had had probable cause to seize the funds.  *Id*. The Court

noted that there was no indication of over-reaching by the Government – it did not unnecessarily

delay in dismissing the case or "engage in unfair litigation tactics[,]" and the case was neither

frivolous nor filed in bad faith.  *Id*.

        Applying these factors to the matter at hand, the Court elects <u>not</u> to require the Government

---

        [7] In *Dowling,* the Southern District of Ohio cited *Wallace v. Wheeling Pittsburgh Steel Corp.*, No. 06-610, 2007 U.S. Dist. LEXIS 44744, *10-11 (S.D. Ohio June 20, 2007) as an example of the first factor, *Luckey v. Butler County*, No. 05-388, 2006 U.S. Dist. LEXIS 3361, *15-16 (S.D.Ohio Jan. 13, 2006) as an example of the second factor, and *Vaughn v. Alternative Design Mfg. & Supply, Inc.*, No. 06-456, 2007 U.S. Dist. LEXIS 5178, *9 (E.D.Ky. Jan. 24, 2007) as an example of the third and fourth factors.  2007 WL 2815567, at *4.

to pay the Claimants' attorney's fees.  There is no evidence – or even an allegation – that the Government acted in bad faith in filing the civil forfeiture action.  The Claimants do not contest that the vehicle was used by Jeremy in the commission of a federal crime.  They simply argue that they were not aware of the conduct that led to the seizure and were "innocent owners" under CAFRA.[8] The case was neither frivolous nor filed in bad faith.[9]  Although the Claimants argue that civil forfeiture is a complex area of law and that their attorney invested significant time into researching defenses, the Government filed its Rule 41(a)(2) motion for voluntary dismissal early in the case. In fact, the motion was filed two weeks after the Case Management Conference, before significant discovery had occurred and before any dispositive motions were filed.  This also indicates that the Government did not delay in filing the motion to dismiss.  Finally, the Government has voluntarily returned the vehicle and there is no reason to believe it will re-file this civil forfeiture action.  Under these circumstances, an award of attorney's fees would not comport with the "express purpose" of awarding fees, which is to "compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum."  *Smoot*, 353 F.2d at 833; *see also Spar Gas, Inc.*, 1992 WL 172129, at *2 n.3 (noting that, when no "subsequent suit [is] filed, the defendant will have suffered no prejudice at all[,]" and, if fees are awarded, "it will have received something of a windfall by having had some of its counsel fees paid, an occurrence that is an exception to the 'American Rule' [requiring each party to pay its own attorney's fees regardless of the outcome of the litigation]").  As the Court noted in denying fees in *$13,275.21*, 2007 WL

---

[8]  The Claimants do not deny that they authorized or were aware of Jeremy's use of the vehicle.

[9]  Further, the Government knew that Jeremy was regularly in control of the vehicle during the time period of his criminal activity, but there is no indication that the Government was aware of the complex familial ownership interests in the vehicle.

-17-

316455, at *4, an order dismissing the case without prejudice merely restores the *status quo ante* between the parties.  Accordingly, the Court declines to exercise its discretionary authority to award the Claimants attorney's fees pursuant to Rule 41(a)(2).[10]

## III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** the Claimants' *Motion for Attorney Fees* (Doc. 20).


**IT IS SO ORDERED.**


                                                          s/Kathleen M. O'Malley
                                                          **KATHLEEN McDONALD O'MALLEY**
                                                          **UNITED STATES DISTRICT JUDGE**

**Dated: August 7, 2009**

---

[10]  The Claimants also argue that refusing to grant attorney's fees would allow the Government to pursue unwarranted civil actions for forfeiture and then sidestep the remedial purpose of CAFRA by voluntarily dismissing the cases without prejudice.  As the factors analyzed above and the Northern District of Alabama case discussed above illustrate, however, courts and defendants have several means of thwarting this tactic available to them. *See Certain Real Property*, 543 F. Supp. 2d at 1292-94.  First, good faith on the part of the Government is the first factor Sixth Circuit courts typically consider in the Rule 41(a)(2) fees analysis.  Second, the defendant or Claimant may oppose the Government's motion to dismiss without prejudice or request dismissal with prejudice as a condition of dismissal in order to ensure recovery under the CAFRA "substantially prevails" standard.  *Id*.  Similarly, it is within the discretion of the Court to determine whether dismissal pursuant to Rule 41(a)(2) is with or without prejudice.  *Id*.